Dear Mr. Koupal:
This opinion is in response to your question asking:
 Does Section 408.052, RSMo, prohibit late charges on loans secured by first mortgages (deeds of trust, etc.) on residential real estate?
Section 408.052, RSMo 1986, provides:
 408.052. Points prohibited, exception — penalty for illegal points — violation a misdemeanor — 1. No lender shall charge, require or receive, on any residential real estate loan, any points or other fees of any nature whatsoever, excepting insurance and a one percent origination fee, whether from the buyer or the seller or any other person, except that the lender may charge bona fide expenses paid by the lender to any other person or entity except to an officer, employee, or director of the lender or to any business in which any officer, employee or director of the lender owns any substantial interest for services actually performed in connection with a loan. In addition to the foregoing, if the loan is for the construction, repair, or improvement of residential real estate, the lender may charge a fee not to exceed one percent of the loan amount for inspection and disbursement of the proceeds of the loan to third parties. The restrictions of this section shall not apply (1) to any loan which is insured or covered by guarantee made by any department, board, bureau, commission, agency or establishment of the United States, pursuant to the authority of any act of Congress heretofore or hereafter adopted; and (2) to any loan for which an offer or commitment or agreement to purchase has been received from and which is made with the intention of reselling such loan to the Federal Housing Administration, Farmers Home Administration, Federal National Mortgage Association, Government National Mortgage Association, Federal Home Loan Mortgage Corporation, or to any successor thereof, to any other state or federal governmental or quasi-governmental organization. Any points or fees received in excess of those permitted under this section shall be returned to the person from whom received upon demand.
 2. If any points or fees are charged, required or received, which are in excess of those permitted by this section, or which are not returned upon demand when required by this section, then the person paying the same or his legal representative may recover twice the amount thus paid together with costs of the suit and reasonable attorney's fees, provided that the action is brought within five years of such payment.
 3. Any lender who knowingly violates the provisions of this section is guilty of a class B misdemeanor. [Emphasis supplied.]
Ascertainment of legislative intent is the primary goal of statutory construction. State ex rel. Missouri State Board ofRegistration for Healing Arts v. Southworth, 704 S.W.2d 219,224 (Mo. banc 1986). When general words follow a specific enumeration of a person or a thing, the general words should be limited to persons or things similar to those specifically enumerated. Pollard v. Board of Police Commissioners,665 S.W.2d 333, 341 (Mo. banc 1984), cert. denied 473 U.S. 907,105 S.Ct. 3534, 87 L.Ed.2d 657 (1985). Under this rule of statutory construction, the phrase "or other fees of any nature whatsoever," is limited to fees similar to "points."
In B. F. Saul Company v. West End Park North, Inc.,246 A.2d 591 (Md. 1968), the Maryland Court of Appeals defined the term "point" as follows:
 Our search reveals that there is no mysterious connotation to the word "point." It simply denotes a fee or charge equal to one per cent (1%) of the principal amount of the loan which is collected by the lender at the time the loan is made. It may be used interchangeably with the term "bonus," "premium," "loan origination fee" or "service charge." The basic tenet to remember is that it is a fee or charge which is collected only once, at the inception of the loan, and is in addition to the constant long term stated interest rate on `the face of the loan. [Emphasis supplied.]
Id., 246 A.2d at 595.
The Court in B. F. Saul Company, supra, in addition to defining the term "point," discussed the effect of the giving of "points," with the thought that it was for the recoupment of the operating costs attendant to negotiating the loan. The Court concluded in regard to the usage of "points":
 The 6.65% annual yield to maturity set forth in the above example is the annual effective rate of interest and is not usurious. Adopting the validity of the above illustration this Court concludes that the charge of a fee, commonly called "points" made at the inception of the loan, should not be considered interest paid in the initial year of the loan but is to be computed or spread over the term of the loan.
 Although the Act manifests legislative hostility to the charging of points, as may be deduced from § 2(A), yet the language of § 2(B) expresses an expectation of the usage of points with regard to the FHA, VA and other federally insured or guaranteed loans. We do not think it was intent of the Legislature that Maryland should be different from other jurisdictions, where such charges made at the inception of the loan, are not construed as usurious when the amount obtained plus the interest actually charged spread over the life of the loan is less than the legal maximum interest. 57 A.L.R.2d 649 Anno: Usury-Interest In Advance § 6. We think that the Legislature, although eliminating "points" with regard to conventional home mortgage loans, ( § 2(A)), did not intend to eliminate them with regard to FHA and VA loans, or other loans guaranteed by an instrumentality of the federal government where the maximum interest rate was not more than seven per cent (7%), but rather to regulate them. ( § 2(B)). [Emphasis supplied.]
Id., 246 A.2d at 597.
A late charge represents compensation to the lender for failure of the borrower to make timely payment. In State exrel. Ashcroft v. Public Service Commission, 674 S.W.2d 660, 663
(Mo.App. 1984), the Missouri Court of Appeals concluded that late charges allowed electric utilities by the Public Service Commission for governmental accounts were not an interest penalty subject to usury legislation. Late charges are not similar to "points" and are therefore not prohibited by Section408.052.
CONCLUSION
Section 408.052, RSMo 1986, does not prohibit "late charges" on residential real estate loans when loan payments are untimely made.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General